IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM BRADFORD, AIS 266930, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-816-ECM-KFP |
| | ) | [WO] |
| MATTHEW WADE (SHERIFF), | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff, an inmate at the Decatur Work Release Center, in Decatur, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions and has named Matthew Wade, Sheriff of Calhoun County, Alabama, as Defendant. Plaintiff challenges matters related to his arrest and imprisonment in Calhoun County, Alabama, in July 2007, and he seeks damages and a release from custody. Doc. 1. Upon review, the Court finds that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1406.[1]

**II.   DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Upon filing the Complaint, Plaintiff filed a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that, when a case is filed laying venue in the wrong district or division, a court must dismiss the case or, in the interest of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The actions described in the Complaint occurred in Calhoun County, Alabama, which is located in the Northern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), venue for this action is proper in the Northern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1406(a).[2]

### III.   CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1406(a).

Further, it is ORDERED that by **February 3, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous,

---

[2] In transferring this case, the Court makes no determination on the merits of the claims in the Complaint.

conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of January, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE